UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACOBSON WAREHOUSE COMPANY, INC.,
JACOBSON LOGISTICS COMPANY, L.C., and
XPO LOGISTICS SUPPLY CHAIN, INC.,

    Plaintiffs,

        -against-

PRESTIGE BRANDS, INC.,

    Defendant.

Civil Action No. 20-cv-4416-CS

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER

---

CATHY SEIBEL, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. A party may designate materials (including documents and testimony) as "Confidential" if the materials contain trade secrets, proprietary business information, competitively sensitive

information, any information of a personal or intimate nature regarding any individual, or any other category of information hereinafter given confidential status by the Court.

2. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

3. If at any time prior to the trial of this action, a producing person realize that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;
   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f. stenographers engaged to transcribe depositions conducted in this action; and the Court and its support personnel.

5. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 4(d) or 4(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6. In the event that counsel for any party determines to file with the Court any documents subject to the provisions of this Protective Order containing Confidential Discovery Material or to submit to the Court any such document or the information contained therein for any purpose, the filing party must first seek and obtain a sealing order from the Court pursuant to Section 6 of the *Southern District of New York's Electronic Case Filing Rules & Instructions*. If

the Court grants permission to file the confidential information under seal, the party shall also serve the Court and opposing counsel with unredacted courtesy copies of the Confidential Discovery Material. The parties will use their best efforts to minimize sealing requests. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file, via the Court's Electronic Case Filing system, a copy of the same in which only the confidential information itself is redacted, and all other information that in no material way reveals the confidential information is retained.

7. The following notice shall be affixed to any envelope containing Confidential Discovery Material filed with the Court:

### CONFIDENTIAL

This envelope contains documents or information designated Confidential Discovery Material pursuant to an order entered by the United States District Court for the Southern District of New York. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in

connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. All Confidential Discovery Material shall be used solely for the prosecution or defense of the claims in this Action, any appeals thereto, and any judicial proceeding seeking the clarification, modification or vacation of any award rendered therein and not for any other purpose, unless otherwise provided by law.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. Counsel for the parties shall use reasonable efforts to prevent the disclosure of Confidential Discovery Material in its possession or under its control, except in accordance with the terms of this Protective Order.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

18. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| KASOWITZ BENSON TORRES LLP | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Mark D. Lerner | By: /s/ Evan Glassman |
| Mark P. Ressler<br>Mark W. Lerner<br>Melissa A. Barahona<br>1633 Broadway<br>New York, New York 10019<br>Tel: (212) 506-1700<br>Fax: (212) 506-1800<br><br>*Attorneys for Plaintiffs Jacobson Warehouse Company, Inc., Jacobson Logistics Company, L.C., and XPO Logistics Supply Chain, Inc.* | Evan Glassman<br>Jason E. Meade<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 506-3900<br>Fax: (212) 506-3950<br><br>Anthony Anscombe [*]<br>227 West Monroe Street<br>Suite 4700<br>Chicago, IL 60606<br>Tel: (312) 577-1300<br>Fax: (415) 365-6675<br><br>[*] Admitted *pro hac vice*<br><br>*Attorneys for Prestige Brands, Inc.* |

**SO ORDERED.**

Dated: New York, New York
September 21, 2020

/s/ Cathy Seibel

Hon. Cathy Seibel
United States District Court Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOBSON WAREHOUSE COMPANY, INC., JACOBSON LOGISTICS COMPANY, L.C., and XPO LOGISTICS SUPPLY CHAIN, INC.,<br><br>Plaintiffs,<br>      -against-<br><br>PRESTIGE BRANDS, INC.,<br><br>Defendant. | Civil Action No. 20-cv-4416-CS<br><br>NON-DISCLOSURE AGREEMENT |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order entered in this action (the "Protective Order") governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Dated: