UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACOBSON WAREHOUSE CO., INC., *et al.*,

                Plaintiffs,                    **ORDER**

      -against-                              20-cv-4416 (CS) (AEK)

PRESTIGE BRANDS, INC.,

                Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

     On August 17, 2022, the Court conducted a lengthy status conference to address a range of discovery disputes. *See* ECF Nos. 232-237. Since that conference, the parties have filed more than a dozen letters and motions regarding additional issues, with a particular focus on further developments regarding Prestige's loss of data from approximately October 2016 through March 2018. This "data loss" issue has been a significant point of contention in this litigation since at least April 2021; the parties have spent considerable time and expense litigating various disputes regarding alleged spoliation, and will continue to do so. Indeed, this subject occupied a substantial portion of the August 17, 2022 conference, inasmuch as it related to XPO's service of a subpoena for documents and testimony on Prestige's counsel, Steptoe & Johnson LLP, and Steptoe's objections to that subpoena.

     Despite the fact that that the data loss issue was addressed at length at the August 17, 2022 conference, Prestige filed a letter on August 19, 2022, reporting for the first time that on August 15, 2022—*i.e.*, prior to the August 17, 2022 conference—Steptoe "became aware of information that has a bearing on a number of areas of testimony that our client has given in this case, and on our statements to the Court about our client's knowledge of the problems with the

data gap." ECF No. 238.  No such information was brought to the Court's attention at the conference.  By order dated August 23, 2022, ECF No. 240, the Court instructed Steptoe to provide a more detailed explanation of the matters addressed in the August 19, 2022 letter by August 26, 2022.  Steptoe requested and received an extension of this deadline, ECF Nos. 241-242, and submitted a short letter on September 2, 2022.  ECF No. 243.  The September 2, 2022 letter contained vague and unsatisfying explanations, and disclosed for the first time that Prestige had been engaged in litigation in a different United States District Court in 2019 where similar data loss issues had been identified to the court.  *Id.*  That letter also stated that "[t]o the extent Prestige witnesses or Steptoe have made statements inconsistence with the [information provided in the letter], we respectfully request that the Court deem those statements withdrawn."  *Id.*  Yet Steptoe did not specify which statements it was referring to, either in terms of prior written submissions or oral representations to the Court, prior discovery responses, prior deposition testimony, or anything else.  XPO submitted a sharp response to the September 2, 2022 letter on September 15, 2022, ECF Nos. 247-248, along with a separate filing seeking to unseal a large number of docket entries in this matter, ECF No. 249, and a letter motion requesting expedited discovery and further relief, ECF No. 250.

As the parties continued to file letters, *see* ECF Nos. 255, 256, 257, 258, 259, 260, 262, the Court opted to exercise patience—but that patience should not be mistaken for complacency.  The submissions by Prestige/Steptoe regarding the issues that came to light on August 15, 2022, and that apparently have prompted further investigation by Steptoe in the weeks since, have not been sufficient.  Among other things, the Court has not been able to understand from the filings the full extent of the change in Prestige's position with respect to the data loss issues, which specific prior representations to XPO and to the Court are now to be considered incomplete or

inaccurate, and why this information is only coming to light now, when the Court had been notified repeatedly that these matters had been explored and investigated at some length in mid-2021.  It is particularly inexplicable that a meaningful investigation of the data loss issue failed to uncover the existence of prior declarations submitted to a United States District Court just two years earlier regarding substantially similar issues, including multiple versions of a declaration submitted by a current Prestige employee who has been directly involved in the inquiry into the data loss issue in this litigation.

Below, the Court addresses various outstanding applications and sets certain filing deadlines.  No extensions of these deadlines will be granted absent compelling circumstances.

(1) Steptoe has proposed to "to provide a report to the Court on the Steptoe investigation by October 7, 2022."  ECF No. 262.  This application is GRANTED.  To be clear, this is Steptoe's final opportunity at this stage of the litigation to provide a sufficient accounting of what has transpired with respect to the data loss issue since August 15, 2022.  At a minimum, this submission must specifically identify any representations to the Court that Steptoe believes are no longer accurate, and any representations to XPO or testimony provided by Prestige witnesses that Prestige is withdrawing or no longer relying on in this matter.  The filing must also explain in more detail how Steptoe became aware of the issues first identified in the August 19, 2022 letter.  Regarding the so-called Steptoe Inquiry, Steptoe must also explain why it gathered 50,000 documents from both Prestige and Steptoe custodians as part of this inquiry, *see* ECF No. 260, from whom those documents were collected, and what schedule Steptoe proposes for further document production (recognizing that the Court will require an expedited production schedule).

In light of this anticipated final report from Steptoe, the Court hereby RESERVES decision on XPO's request for a more detailed explanation of the data loss until the Court can evaluate the October 7, 2022 submission.  *See* ECF No. 248.  The Court likewise RESERVES decision on Plaintiffs' request for the production of all emails collected in connection with the Steptoe Inquiry until the Court has a clearer understanding of what Prestige intends to produce as a result of the Steptoe Inquiry. ECF No. 255.

XPO must submit a response to the October 7, 2022 report by October 12, 2022 to identify remaining objections or concerns regarding the disclosure.

(2) XPO's request for an order directing Prestige to provide responses and objections to XPO's subpoena to Steptoe (as amended), ECF No. 248, is DENIED. The Court understands that the parties have not been able to reach an agreement as to a stipulation concerning when Steptoe came to learn about, and the extent of Steptoe's knowledge of, the data loss. *See* ECF Nos. 255, 258, 260. The Court encourages the parties to continue to engage in further negotiation regarding a potential stipulation that might obviate the need for motion practice regarding this subpoena. *See* ECF No. 260. That said, the Court adopts the parties' proposed schedule, *see* ECF No. 258, for filing their respective motions, with a slight modification to account for the possibility that the parties' may have inadvertently proposed a deadline that conflicts with religious observances. XPO's motion to compel and Prestige's motion to quash with respect to XPO's subpoena to Steptoe are to be filed by October 7, 2022. The parties' respective opposition submissions are to be filed by October 14, 2022. No reply submissions are permitted. All memoranda of law in connection with these motions are limited to 15 pages.

(3) XPO's request for an order directing Steptoe to provide responses and objections on an expedited basis to XPO's Ninth Request for the Production of Documents, ECF No. 248, is DENIED. The Court is hopeful that forthcoming productions as a result of the Steptoe Inquiry and the re-tendering of certain witnesses will address "most or all of the information sought" by XPO. ECF No. 255; *see also* ECF No. 243. That said, the Court will not strike these demands as untimely. Prestige must provide responses and objections to the demands in accordance with the deadlines established by the Federal Rules of Civil Procedure.

(4) XPO's request for a pre-motion conference regarding a motion to compel compliance with prior spoliation-related discovery requests, including documents that Prestige had previously withheld pursuant to attorney-client privilege, ECF Nos. 252, 259, is GRANTED IN PART, to the extent that the Court will address this matter with the parties at the next status conference, as set forth below, and will set a briefing schedule at that time, if warranted. At this time, the Court will not order the additional relief requested in ECF No. 252. The Court notes, however, that Steptoe's response regarding the extent of its prior responses to the spoliation discovery requests in mid-2021, *see* ECF No. 257, rings hollow in light of the significant new information that apparently first came to light in August 2022, and the large volume of material that Steptoe has now collected and reviewed as part of the Steptoe Inquiry.

(5) XPO's requests concerning taking discovery of Prestige's non-party discovery vendor, ECF No. 248, are DENIED WITHOUT PREJUDICE. The parties should be prepared to address this matter at the next status conference.

(6) The Court will address the scheduling of expert discovery as part of a broader discussion about scheduling at the upcoming conference.

(7) With respect to XPO's motion to unseal all materials previously filed under seal based on improper designations as "Confidential," *see* ECF Nos. 249-51, 254, it is not clear why this issue must be addressed immediately, or why the parties should not follow the procedures established by the Confidentiality Agreement and Protective Order in this case, *see* ECF No. 29.  By October 21, 2022, Prestige must identify to XPO which documents or portions of documents it does not object to having unsealed, and which documents or portions of documents it believes should remain sealed.  The parties must then meet and confer to attempt to narrow the scope of any remaining disputes.  By October 28, 2022, the parties must submit a letter containing (1) a list of documents that the parties agree can be unsealed in full or in part, and (2) a list of documents where the parties have not been able to reach agreement about unsealing in full or in part.  At that time, the Court anticipates denying the currently pending motion without prejudice, and giving XPO the option to refile the motion with particular arguments for unsealing tailored to the specific documents in dispute.

**An in-person conference is hereby scheduled for October 14, 2022 at 11:00 a.m. in Courtroom 250 at the White Plains federal courthouse.  By October 12, 2022, the parties must submit a single letter containing their proposed agenda items for the conference.**

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 252 and 259.

Dated: September 28, 2022
       White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge